**UNITED STATES of America,
Appellee,**

v.

**Peter FOREMAN, Defendant–
Appellant.**

No. 08–4928–cr.

United States Court of Appeals,
Second Circuit.

Sept. 11, 2009.

Steven M. Statsinger, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Lee Renzin, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief) for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: GUIDO CALABRESI,
JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Peter Foreman challenges an October 3, 2008 judgment of

conviction entered by the District Court following a bench trial on stipulated facts. After finding defendant guilty of being a convicted felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), the sole count in the indictment, the District Court sentenced him principally to 110 months' incarceration, to be followed by a term of three years' supervised release. On appeal, defendant contends that (1) the District Court erred in denying his motion to suppress the firearm that officers had found on his person and (2) the sentence imposed by the District Court was procedurally unreasonable. We assume the parties' familiarity with the facts and procedural history of the case.

Substantially for the reasons stated by the District Court in its careful and thoughtful memorandum and order of January 7, 2008, *see United States v. Foreman,* No. 07–cr–0735, 2008 WL 123833 (S.D.N.Y. Jan.7, 2008), we hold that the District Court did not err in denying defendant's motion to suppress the firearm police found on his person.

Defendant's sentence was not procedurally unreasonable. *See United States v. Cavera,* 550 F.3d 180, 189 (2d Cir.2008) (*en banc* ) ("[A]ppellate scrutiny [of sentences] encompasses two components: procedural review and substantive review."). First, there is nothing in the record to suggest that the District Court viewed the Guidelines as mandatory. Second, defendant's argument that the District Court violated 18 U.S.C. § 3553(a)(2) (*i.e.,* the "parsimony clause") is without merit.

For the reasons stated above, the October 3, 2008 judgment of the District Court is AFFIRMED.